IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XYZ CORPORATION<br><br>*Plaintiff*,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>*Defendants*. | Case No. 1:25-cv-13392<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

Defendant Weiqiang Zhang, d/b/a "Dte Shop USA", Amazon Seller ID A2U8CR8G2DA87G, associated with the company Quanzhou Shi Fengze Qu Dengte Guoji Maoyi Youxiangongsi respectfully oppose Plaintiff's Motion for Preliminary Injunction (ECF Document # 26). Plaintiff asks the Court to convert an ex parte temporary restraining order into a sweeping preliminary injunction that would continue to restrain Defendants' assets, business operations, and online storefronts—without adversarial testing of the evidence and without satisfying Plaintiff's burden under Federal Rule of Civil Procedure 65. Plaintiff's Motion and supporting memorandum largely rely on the Court's prior ex parte TRO ruling and conclusory assertions, rather than competent evidence establishing infringement, irreparable harm, or the propriety of continued extraordinary relief. Because Plaintiff has not met its burden, the Motion should be denied or, at minimum, substantially narrowed.

## II. RELEVANT BACKGROUND

According to Plaintiff's motion papers, the Court entered a TRO on November 24, 2025, and extended it on December 5, 2025. Plaintiff now seeks a preliminary injunction with terms substantially identical to the TRO. Plaintiff asserts infringement of U.S. Design Patent Nos. D1,062,965 and D1,091,741 (the "Asserted Patents"). Plaintiff contends Defendants sold "climbing structure/frame pikler" products on Amazon. Plaintiff further asserts it provided notice via electronic publication and email pursuant to the TRO.

## III. LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" and is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The moving party bears the burden to establish (1) a likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) that the balance of equities favors the movant; and (4) that an injunction is in the public interest. *Id.; Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A.*, 549 F.3d 1079, 1086 (7th Cir. 2008). An ex parte TRO does not relieve Plaintiff of its burden at the preliminary-injunction stage. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

## IV. ARGUMENT

### A. Plaintiff Has Not Demonstrated a Likelihood of Success on the Merits

Design patent infringement is governed by the ordinary observer test: Plaintiff must show that an ordinary observer, familiar with the prior art, would find the overall appearance of the accused product substantially the same as the claimed design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Where the

field is crowded, the scope of any claimed design is narrow and even modest differences can preclude infringement. *High Point Design LLC v. Buyer's Direct, Inc.*, 730 F.3d 1301, 1311 (Fed. Cir. 2013).

### 1. *Prior Art Narrows Any Claimed Scope (USD1,091,741 S1)*

Plaintiff cannot establish a likelihood of success on the merits because the scope of USD1,091,741 S1 is substantially limited by prior art. An earlier published design patent, EU0150240200001S, was publicly disclosed on June 9, 2023, nearly one year before May 17, 2024, filing date of USD1,091,741 S1. As a result, the asserted U.S. design patent is confined to only those ornamental features not already disclosed in the prior art.

A comparison of USD1,091,741 S1 and EU0150240200001S demonstrates that the overall ornamental appearance claimed by Plaintiff was already disclosed in the earlier EU patent. Accordingly, the asserted U.S. design reflects **existing technology**, and any protectable scope must be construed narrowly. See *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676–78 (Fed. Cir. 2008) (en banc); *High Point Design LLC v. Buyer's Direct, Inc.*, 730 F.3d 1301, 1311 (Fed. Cir. 2013).

Because the prior art fully discloses the design concepts reflected in USD1,091,741 S1, Plaintiff cannot rely on generalized similarities to establish infringement. Only near-identity could support an infringement finding—and that showing is absent here.

### 2. *Material Differences Between the Asserted Designs and the Accused Product*

When the accused product is compared to USD1,091,741 S1 through the lens of the prior art, the differences are dispositive. The defendant's product presents a different

overall visual impression, including differences in proportions, structural relationships, and ornamental presentation. In view of the crowded prior-art field established by EU0150240200001S, these differences preclude infringement as a matter of law.

Visual Comparison Table (Summary)

| Feature | Asserted Designs (USD1,091,741 / USD1,062,965) | Defendant's Product |
|---|---|---|
| |   | |
| Overall silhouette / proportions | Prior-art driven geometry; claimed features are limited in scope in light of EU0150240200001S. | Different proportions and visual balance producing a different overall impression. |
| Structural configuration | Fixed ornamental arrangement shown in the patent figures. | Different arrangement and spacing of structural elements. |
| Contours, | Specific contour lines and transitions as depicted in the patent | Different contours |

| | | |
|---|---|---|
| angles, and transitions | drawings. | and transitions; distinct angular/edge treatments and surface breaks. |
| Overall visual impression (ordinary observer) | Narrow scope due to prior art; protection limited to the particular ornamental appearance. | Overall impression is distinct; an ordinary observer would not be deceived into believing it is the patented design. |

Plaintiff's motion papers do not provide a proper ordinary-observer analysis accounting for the prior art and these visual differences; instead, Plaintiff relies on conclusory assertions and the fact that a TRO previously entered ex parte. That is insufficient to establish likelihood of success at the preliminary-injunction stage. *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343 (Fed. Cir. 2020).

3. *USD1,062,965 S1 Also Does Not Read on Defendants' Product*

Plaintiff likewise cannot establish infringement of USD1,062,965 S1, which shares the same filing date of May 17, 2024. A direct comparison between the patented design and the defendant's product reveals significant and readily apparent differences, including:

- Different overall configuration and proportions;
- Different spacing and arrangement of structural elements; and
- Distinct ornamental presentation that alters the overall visual impression.

These differences are not minor or trivial. Rather, they change the character of the design such that an ordinary observer would immediately perceive the defendant's product as visually distinct from the patented design. Under the governing ordinary-

observer test, infringement therefore cannot be established. *Egyptian Goddess*, 543 F.3d at 678.

## B. Plaintiff Has Not Shown Irreparable Harm

Plaintiff's memorandum recites generalized assertions of loss of goodwill and reputational harm, but offers no concrete evidence of actual confusion, lost customers, price erosion, or other non-compensable injury. Irreparable harm is not presumed; it must be proven with evidence. *Winter*, 555 U.S. at 22. Where alleged harms are primarily economic, monetary damages are generally adequate.

## C. The Balance of Hardships Favors Defendants

Plaintiff seeks relief that effectively freezes funds and disables storefront operations. Such relief can impose existential harm on Defendants, including interruption of lawful sales and access to operating funds. By contrast, Plaintiff's alleged injury can be addressed through damages if infringement is ultimately established, and Plaintiff has not shown why narrower relief would be inadequate.

## D. Public Interest Does Not Support the Requested Relief

The public interest favors fair competition and adjudication on a developed record, not the continuation of extraordinary restraints based on an ex parte proceeding and conclusory assertions. Any injunctive relief should be narrowly tailored to avoid overbroad restraints on lawful commerce.

## E. The Requested Asset Restraint and Scope Are Overbroad

Plaintiff's motion relies heavily on the Court's prior ex parte TRO, but a TRO entered without adversarial testing does not relieve Plaintiff of its burden at the preliminary-injunction stage. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th

Cir. 1992). Plaintiff has not carried its burden to demonstrate that either asserted design patent is likely infringed when properly construed considering the prior art and the actual appearance of the accused product.

Plaintiff's requested injunction mirrors the TRO and includes restraints that extend beyond any specific adjudicated listings. To the extent Plaintiff seeks continued asset restraints untethered to an evidentiary showing of dissipation or exceptional circumstances, such relief is disfavored. See *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). At minimum, any injunction should be limited to specific accused products and specific accounts shown, on admissible evidence, to be infringing.

## V. ALTERNATIVE RELIEF

If the Court is inclined to enter any injunctive relief, Defendants respectfully request that the Court: (1) deny any continued asset restraint; (2) limit any injunction strictly to the specific accused listings and products; (3) require Plaintiff to provide a defendant-specific infringement showing; and (4) increase the bond amount to reflect the scope of potential wrongful restraint.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction, or, in the alternative, substantially narrow the requested relief.

Date: January 1, 2026

    Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
Tel: 908-560-7265
Email:
nitin.kaushik@gmail.com
*Counsel for the above-mentioned Defendant*