IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shenzhen Duoleduo Technology Co. Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 CV 13392 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule "A" Hereto, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shenzhen Duoleduo Technology Co. Ltd. ("Shenzhen" or "plaintiff") filed this lawsuit against seven Amazon sellers alleging patent infringement related to Shenzhen's children's climbing structure. The Court previously granted Shenzhen's *ex parte* motion for a temporary restraining order, (Dckt. #20), which it later extended, (Dckt. ##25, 27). Now before the Court is Shenzhen's motion for preliminary injunction, (Dckt. #26), to which defendant no. 2 ("DTE Shop USA"), no. 4 ("doowroodni"), and no. 5 ("Yopnoyik") object (collectively, "the Objecting Defendants").[1] For the following reasons, plaintiff's motion for preliminary injunction is denied.

I.      BACKGROUND

Shenzhen is a company organized under the laws of China and is in the business of designing, sourcing, and marketing climbing frames and structures. (Dckt. #1 ¶¶9, 29.)

---

[1] As for the additional defendants, defendant nos. 1, 3, and 7 have since been voluntarily dismissed, (Dckt. ##37, 79), and the Court has entered an order of default against defendant no. 6, (Dckt. #73).

Shenzhen is the owner of U.S. Design Patent No. D1,062,965 issued on February 18, 2025, entitled "Climbing Structure" (the "D'965 Patent") and U.S. Design Patent No. D1,091,741 issues on September 2, 2025, entitled "Climbing Frame" (the "D'741 Patent," and collectively with the D'965 Patent, the "Asserted Patents"). (Dckt. #1 at ¶¶10–18; *see also* Dckt #2-2 and 2-3.) The D'741 Patent is a continuation of the D'965 Patent, and the Asserted Patents share a priority date of May 17, 2024. (*Id.* at ¶¶13, 17.)

The D'965 Patent claims the "ornamental design for a climbing structure, as shown and described." (Dckt. #2-2 at 4). Figure 1 depicts the claimed design of the D'965 Patent as follows:



D'965 Patent

9

FIG.1

2

(*Id*. at 4).  The dashed broken lines in the figure are for "the purpose of illustrating portions of the climbing structure and form no part of the claimed design" of the D'965 Patent.  (*Id*. at 2). The D'741 Patent claims the "ornamental design for a climbing *frame*, as shown and described." (Dckt. #2-3 at 2 (emphasis added)).  Figure 1 depicts the claimed design of the D'741 Patent as follows:



D'741 Patent

FIG.1

(*Id*. at 4).  Again, the dashed broken lines in the figure are for "the purpose of illustrating portions of the climbing toy and form no part of the claimed design" of the D'741 Patent.  (*Id*. at 2).  According to Shenzhen, the Asserted Patents were valid and enforceable at all times relevant to this action.  (*Id*. ¶¶15, 19.)

3

Defendants are online retailers operating various Amazon storefronts that Shenzhen alleges are offering for sale climbing structures that infringe the Asserted Patents. (Dckt. #2 ¶¶23, 34). In its two-count complaint, Shenzhen brings claims for patent infringement of the Asserted Patents and unjust enrichment. In support, Shenzhen simply attaches the two patents at issue, along with images of each allegedly infringing product. (Dckt. ##2-2–2-4).

Shortly after filing the complaint, Shenzhen filed, and the Court granted, its *ex parte* motion for a temporary restraining order ("TRO") against all defendants. Among other things, the TRO enjoined defendants from further infringement of the Asserted Patents, authorized Amazon to freeze defendants' accounts, and permitted expedited discovery. (Dckt. #20). The Court also granted plaintiff's request for electronic service of process. (Dckt. #19). Thereafter, Shenzhen filed its motion for preliminary injunction, in which it essentially argues, without much elaboration, that a preliminary injunction is proper because the Court already granted the motion for TRO. (*See* Dckt. #26-1 at 3 ("Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied.")).

The Objecting Defendants have since appeared through counsel to oppose the motion for preliminary injunction and have also filed counterclaims. Specifically, defendant no. 2 ("DTE Shop") filed a counterclaim, (Dckt. #45), and a response in opposition to the motion for preliminary injunction, (Dckt. #39). Defendant nos. 4 ("doowroodni") and no. 5 ("Yopnoyik"), who are represented by the same attorney, also filed counterclaims, (Dckt. #42), as well as a joint response in opposition to the motion for preliminary injunction, (Dckt. #32). Plaintiff replied, (Dckt. ##44, 48), and the motion is ripe for resolution. [2]

---

[2] The Court notes that the Seventh Circuit, in two recent opinions, has offered additional guidance in Schedule A cases such as this one. First, in *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), the Court

## II.     STANDARD FOR A PRELIMINARY INJUNCTION

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1044 (7th Cir. 2000), *quoting Schwinn Bicycle Co. v. Ross Bicycles, Inc.*, 870 F.2d 1176, 1184 (7th Cir. 1989) ("A preliminary injunction is a very serious remedy, 'never to be indulged in except in a case clearly demanding it.'"). To decide whether injunctive relief is warranted, courts in the Seventh Circuit engage in a multi-step inquiry involving a threshold phase and a balancing phase. *See Int'l Ass'n of Fire Fighters, Local 365 v. City of E. Chi.*, 56 F.4th 437, 446 (7th Cir. 2022). First, the moving party—here, Shenzhen—has the burden of making a threshold showing that (1) it is likely to succeed on the merits; (2) traditional legal remedies would be inadequate; and (3) it will suffer irreparable harm absent a preliminary injunction. *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021).

---

clarified what was required to establish personal jurisdiction over defendants. More recently, in *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026), the Court held that email service on Chinese defendants violates the Hague Service Convention. However, these rulings have no implication here where: (1) contrary to DTE's assertion, (Dckt. #45), plaintiff *did* present evidence of completed sales and shipment of the accused products to Illinois, (*see* Dckt. #17 at 3); and (2) the Objecting Defendants have seemingly waived any objection to personal jurisdiction or improper service, having appeared in this matter, litigated extensively, and filed counterclaims. *See Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205, 2026 WL 1502198, at *2 (7th Cir. May 29, 2026) ("A defendant waives an objection to improper service if he gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking.") (cleaned up); *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010) ("[E]ven when a valid personal jurisdiction defense exists, the defense is waived if the objecting party fails to timely raise it . . . *or if the objecting party proceeds to litigate the case on its merits*.") (cleaned up and emphasis added); *Agri-Labs Holding LLC v. Taplogic, LLC*, 304 F.Supp.3d 773, 782 (N.D.Ind. 2018) ("As to jurisdiction, the Plaintiff argues that the Defendant waived its right to challenge personal jurisdiction when it appeared, answered, and asserted counterclaims against the Plaintiff. The Court agrees.").

With respect to the likelihood of success on the merits, the Seventh Circuit has made clear that the moving party "need not show by a preponderance of the evidence that [it] will win [its] suit." *Protect Our Parks, Inc. v. Buttigieg*, 10 F.4th 758, 763 (7th Cir. 2021) (citing *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1754 (2021)).  Nonetheless, "the mere possibility of success is not enough" and the movant must instead "make a 'strong' showing on the merits." *Id.*; *see also Life Spine, Inc.*, 8 F.4th at 539 ("We recently clarified that a plaintiff must demonstrate that its claim has some likelihood of success on the merits, not merely a better than negligible chance.") (cleaned up).  In a patent case such as this one, "[t]he first two factors—likelihood of success on the merits and irreparable harm—are the most critical . . . and a court may deny a motion for a preliminary injunction if 'a party fails to establish *either* of the[se] two critical factors.'" *Pressure Specialist, Inc. v. Next Gen Mfg. Inc.*, 469 F.Supp.3d 863, 868 (N.D.Ill. 2020), *quoting Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994)

If the moving party makes a showing of each of the threshold requirements, the court moves to the balancing phase where the court "weighs the harm of denying an injunction to the [movant] against the harm to the [opposing party] of granting one." *Life Spine, Inc.*, 8 F.4th at 549 (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)).  In balancing the harms, the court also considers the public interest in granting or denying the injunction.  *Life Spine, Inc.*, 8 F.4th at 539.  If the moving party "fails to meet *any* of the threshold requirements for a preliminary injunction including likelihood of success on the merits, the court '*must deny* the injunction.'" *Martinez v. City of Chicago*, 534 F.Supp.3d 936, 955 (N.D.Ill. 2021), *quoting GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (emphasis added).  Indeed, if a plaintiff fails to show a likelihood of success, the court need not even address the

other factors relevant to obtaining injunctive relief. *See, e.g., Doe v. University of Southern Indiana*, 43 F.4th 784, 791 & n.4 (7th Cir. 2022) (where plaintiff fails to demonstrate "some likelihood of success on the merits," the court "need not address the remaining elements" even if "the balance of harms weighed overwhelmingly in [plaintiff's] favor"); *Lukaszczyk v. Cook County*, 47 F.4th 587, 598 (7th Cir. 2022) (same, and noting that whether or not plaintiff can show a likelihood of success "is often decisive.").

Finally, in deciding a motion for a preliminary injunction in a patent case, the Court applies Federal Circuit law, instead of regional Circuit law, to "substantive matters unique to patent law." *Shenzhen Jisu Technology Co., Ltd., Plaintiff v. The P'ship & Unincorporated Associations Identified on Schedule "A"*, No. 24 C 4152, 2024 WL 4356392, at *4 (N.D.Ill. Oct. 1, 2024), *quoting Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012)). Specifically, "the estimated likelihood of success in establishing infringement is governed by Federal Circuit law, while the other factors are governed by the law of the regional circuit." *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022) (cleaned up); *see also BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1400 (Fed. Cir. 2022) ("[W]e give dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues [and w]hether a patentee has shown a likelihood of success on the merits is one such area where we apply our own law.").

## III.    ANALYSIS

Shenzhen seeks a preliminary injunction based on the Objecting Defendants' alleged infringement of the Asserted Patents. In response to Shenzhen's motion, the Objecting Defendants raise similar, but slightly different arguments. In short, the Objecting Defendants argue that Shenzhen has failed to meet its burden to support the entry of a preliminary injunction,

and they focus their arguments, at least in part, on Shenzhen's likelihood of success on the merits of its patent infringement claims.  The Court does the same below.

Before doing so, however, the Court notes that Shenzhen's position that the preliminary injunction standard has been automatically satisfied in light of the TRO already entered in this case is unavailing, where, as here, the motion for TRO "was brought *ex parte* and therefore defendants did not have any opportunity to challenge [p]laintiff's arguments."  *Guizhou Xianozhi Sheep Trading Co. v. Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 1:24-CV-04765, 2024 WL 5457388, at *2 (N.D.Ill. Nov. 25, 2024).  This is particularly so given that Shenzhen offered the bare minimum in support of its *ex parte* request for TRO.  For example, in arguing that it had a likelihood of success on the merits in its motion for TRO, Shenzhen simply cited the complaint and asserted that:

> defendants sell the Infringing Products . . . Applying the ordinary and customary meaning of the claim terms, it is clear that the Infringing Products falls within the scope of at least Claim 1 of the Asserted Patents.  Because Defendants' Infringing Products contain each and every claim limitation of at least one claim, it literally infringes the Asserted Patents.

(Dckt. #16 at 16);[3] *see Clarus Transphase Sci., Inc. v. Q-Ray, Inc.*, No. 06 C 4634, 2006 WL 4013750, at *12 (N.D.Ill. Oct. 6, 2006) ("The drastic remedy of a preliminary injunction cannot be granted on the basis of unsupported, tendentious conclusions in a brief.").

There is the additional problem that Shenzhen waited until its reply briefs to offer any substantive arguments beyond the conclusory statements set forth in its initial motion for

---

[3] Shenzhen also carelessly included reference to a *different* patented product in the joinder section of its motion and included a number of references to utility patents, which are not at issue here.  (*See, e.g.*, Dckt. #16 at 12 ("Specifically, each infringing product features a specific circuit board common to the Accused Products sold by all defendants, a fan in the same housing as the circuit board and battery where the fan is centered in the housing, identical wiring schematics, and other claimed components, thereby infringing Plaintiff's Patent in the same manner."); & 15 (citing a case for the proposition that utility patents enjoy a "presumption of validity")).

preliminary injunction. This tactical decision amounts to a waiver of the arguments asserted in the replies, and it compels the denial of Shenzhen's request for a preliminary injunction. *See, e.g.*, *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (arguments raised for the first time in a reply brief are waived); *Laborers' Pension Fund v. W.R. Weis Co.*, 879 F.3d 760, 768 (7th Cir. 2018) ("Our standard is clear: Arguments raised for the first time in a reply brief are waived."); *Hangzhou Chic Intelligent Tech. Co. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 2690873, at *1 (N.D.Ill. June 9, 2021) (same); *PrimeSource Building Products, Inc. v. Felton*, No. 16 CV 11468, 2018 WL 1042921, at *4 (N.D.Ill. Mar. 8, 2018) (same).

In any event, even if the Court considered the arguments made in Shenzhen's reply briefs, its request for injunctive relief based on the Objecting Defendants' alleged infringement of the Asserted Patents falls short and fails for the following reasons.

### A. Likelihood of Success on the Merits

"To establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017). "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity." *Id*. (cleaned up); *see also Estores v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 25-CV-06151, 2025 WL 2306833, at *4 (N.D. Ill. Aug. 11, 2025) ("At the preliminary injunction stage, if the defendant raises a substantial question about . . . infringement, and the patentee cannot prove that the question lacks substantial merit, then the preliminary injunction should be denied.") (cleaned up). And, again, to

demonstrate a likelihood of success, Shenzhen must make a "strong showing," which need not amount to a preponderance of the evidence but is nevertheless a "significant burden." *Jin v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 C 5247, 2025 WL 1455840, at *1 (N.D.Ill. Jan. 24, 2025), *quoting Pritzker*, 973 F.3d at 762–63. Such a showing should amount to a "demonstration of how the applicant proposes to prove the key elements of its case." *Pritzker*, 973 F.3d at 762. Plaintiff has fallen short of that showing.

**1.** **Plaintiff has failed to show a likelihood of success on the merits.**

"Design patent infringement occurs when a party, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied." *ABC Corp.*, 52 F.4th at 941. "Determining whether a design patent has been infringed is a two-part test: (1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the properly construed claim to the accused design." *Range of Motion Prods., LLC v. Armaid Co. Inc.*, 166 F.4th 981, 988 (Fed. Cir. 2026) (cleaned up).

With respect to the first step, *i.e.*, claim construction, "a design is better represented by an illustration than it could be by any description, and a description would probably not be intelligible without the illustration." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). As such, the court looks to the images in Shenzhen's Asserted Patents to construe the claim. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011–12 (N.D. Ill. 2010), *aff'd*, 412 Fed.Appx.304 (Fed. Cir. 2011) ("The Court has appropriately refrained from construing the design patent claim by providing a detailed verbal description of

10

the claimed design, and has instead issued a claim construction order specifying that the claimed design is that shown in the figures of [the patent]") (cleaned up).

As for the second step, the Federal Circuit has held that the "ordinary observer" test is the "sole test for determining whether a design patent has been infringed." *Egyptian Goddess*, 543 F.3d at 678. In order to establish design patent infringement under the ordinary observer test, "a plaintiff must show that 'an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.'" *ABC Corp.*, 52 F.4th at 938, *quoting Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *see also Egyptian Goddess*, 543 F.3d at 676 ("When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art."). Differences between the claimed and accused designs "must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Here, plaintiff has presented the Asserted Patents—which contain a number of images— and plaintiff has also provided one color image of its own product, (Dckt. #2 at 5). [4] Those images include the following images relevant to the Court's analysis:

---

[4] The angle of the *one* picture plaintiff provided of its own climbing structure is not ideal for purposes of comparison. Indeed, a full set of pictures of plaintiff's product—such as that plaintiff provided for each of the Objecting Defendants' products—would have been helpful.

**Plaintiff's Climbing Structure**



**D'965 Patent**



Plaintiff has also presented pictures of each of the Objecting Defendants' accused products, including the following:

**Defendant No. 2 – DTE Shop**





**Defendant No. 4 – doowroodni**





**Defendant No. 5 – Yopnoyik**

 

(Dckt. #2-4).  Even presuming plaintiffs' patents are valid,[5] this purported evidence of infringement—with little more—is insufficient to show a likelihood of success on the merits for the following reasons.

First, nowhere in its papers does Shenzhen describe in sufficient detail (beyond conclusory statements) "the similarities between its patented products and the allegedly infringing products, including the products' shapes, functionality, colors, or otherwise." *Dyson Tech. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 25 CV 00810, 2025 WL 2591360, at *2 (N.D.Ill. Sept. 8, 2025).  Instead, Shenzhen asserts generally, without elaboration, that the differences the Objecting Defendants describe "actually demonstrate similarity in the overall configuration, proportions, and visual appearance of the climbing structures."  (Dckt. #48 at 7).  But "mere photographs for the Court to piece together on its own,

---

[5] The Objecting Defendants also attempt to raise a substantial question as to the validity of the Asserted Patents.  However, because the Court finds that plaintiff has not shown that it is likely to succeed in proving that any defendant infringed on the Asserted Patents, the Court need not address whether the Asserted Patents are likely to withstand a challenge to their validity.  *Estores*, 2025 WL 2306833, at *4.

without any narrative description alongside them, are insufficient to help this Court determine whether the photographs and other facts as alleged constitute a legitimate cause of action, namely infringement of [p]laintiff's patents." *Dyson*, 2025 WL 2591360, at *2.

Second, the Objecting Defendants' and the Court's side-by-side comparison of the products at issue (again, plaintiff has offered none) reveal that Shenzhen's design and each of the Objecting Defendants' designs, "taken as a whole, create overall visual impressions that would appear plainly dissimilar." *Competitive Edge*, 763 F.Supp.2d at 1011. Beginning with defendant no. 5, Yopnoyik, the accused structure lacks both the oval base legs and protruding handles of the shorter climbing arch, and includes a dinosaur head at the top of the taller arch in place of the claimed "B" design. The positioning and number of the slatted stairs of the shorter arch of Yopnoyik's structure also present a dissimilar visual impression than Shenzhen's structure. With respect to defendant no. 2, DTE Shop, and defendant no. 4, doowroodni—while arguably a closer call—they too present overall visual impressions that appear plainly dissimilar. To this point, both include an entirely different shape at the top of the taller climbing arch than Shenzhen's "B" design, and the positioning and numbers of their respective slatted stairs on the shorter climbing arch result in a dissimilar visual impression. "Cumulatively, these differences create a significantly different overall ornamental visual impression for each product to the ordinary observer." *Voltstar Techs., Inc. v. Amazon.com, Inc.*, No. 13 C 5570, 2014 WL 3725860, at *1–2 (N.D.Ill. July 28, 2014), *aff'd*, 599 Fed.Appx. 385 (Fed. Cir. 2015).[6]

---

[6] The Court acknowledges that the D'741 Patent claims a much narrower portion of the structure than does the D'965 Patent, *i.e.* only the frame. However, Shenzhen made no effort in its briefs to distinguish the claims of the two patents, nor did it present the possibility that the Objecting Defendants might infringe the D'741 Patent, but not the D'965 Patent. Instead, in response to the differences pointed out by the Objecting Defendants, Shenzhen argued only that such differences are "minor details that would not present an ordinary observer from being deceived." As such, Shenzhen has waived any argument that it could show likelihood of success of infringement of the narrower D'741 Patent. And, even if it had not

15

Lastly, where the "claimed design and the accused design are sufficiently distinct, as here, no comparison with the prior art is necessary." *Competitive Edge*, 763 F.Supp.2d 997, 1012.

For all of these reasons, plaintiff has failed to meet its burden to show a likelihood of success on the merits. As such, the Court need not address the remaining preliminary injunction factors. *See*, *e.g.*, *Cozy Comfort Co. LLC v. Individuals, Corps. Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 23-cv-16563, 2024 WL 2722625, at *6 (N.D.Ill. May 28, 2024) (where plaintiff "has not carried its burden of showing that it is likely to succeed in proving infringement" as to certain defendants, "the Court need not consider the remaining preliminary injunction factors").

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court denies plaintiff's motion for preliminary injunction, (Dckt. #26), and the previously entered TRO, (Dckt. #20), is dissolved. In light of this order, defendant DTE Shop's emergency motion to modify the asset freeze, (Dckt. #80), defendant Yopnoyik's emergency motion to modify asset freeze, (Dckt. #83), and plaintiff's motion to strike, (Dckt. #84), are terminated as moot. Plaintiff's motions to dismiss defendants' counterclaims, (Dckt. ##47, 49), remain under advisement.

**DATE: June 18, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

done so, Shenzhen would likely face an uphill battle defending the validity of that narrower patent considering the prior art identified by the Objecting Defendants.